NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-862

STATE OF LOUISIANA

VERSUS

JAMES VINCENT JONES

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 148377
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone:  (337) 436-2900
COUNSEL FOR:
      Defendant/Appellant - James Vincent Jones

Keith A. Stutes
District Attorney – 15th Judicial District
Alan P. Haney
Assistant District Attorney – 15th Judicial District
P. O. Box 3306
Lafayette, LA 70502-3306
Telephone:  (337) 232-5170
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

The Defendant, James Vincent Jones, was charged with the second-degree murder of Joseph Collins, and with attempted second-degree murder of Cynthia Alexandria. Mr. Jones pled to the lesser charge of manslaughter and received a sentence of thirty-two years at hard labor. He then appealed his sentence. Mr. Jones's appellate counsel seeks to withdraw from the case on the basis that there is no issue for an appeal where Mr. Jones's sentence was under the maximum that he agreed to in his plea agreement. For the following reasons, we affirm Mr. Jones's conviction and sentence and grant the motion of appellate counsel to withdraw from the case.

## I.

## ISSUES

We must decide:

(1) whether Mr. Jones can appeal a sentence imposed within the parameters of his plea agreement and the law; and

(2) whether Mr. Jones's appellate counsel can withdraw from his case under applicable law.

## II.

## FACTS AND PROCEDURAL HISTORY

On June 12, 2014, while riding in a vehicle with the victim, Joseph Collins, and the driver, Cynthia Alexander, Mr. Jones produced a handgun and shot Mr. Collins in the head, killing him. Mr. Jones then exited the vehicle, and as Ms. Alexander drove away, Mr. Jones shot at her. On the ride to the Lafayette Parish Sheriff's Office, Mr. Jones exhibited erratic behavior. After being advised

of his rights, he admitted to shooting the victim, stating that he was there to protect his brother who was sitting next to him; however, no one was sitting next to Mr. Jones. Mr. Jones denied that he acted in self-defense.

Mr. Jones was charged by bill of indictment with one count of second-degree murder in violation of La.R.S. 14:30.1, which carries a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He was also charged with one count of attempted second-degree murder in violation of La.R.S. 14:27 and 14:30.1, which carries a sentence of not less than ten nor more than fifty years without benefits. Mr. Jones subsequently entered a guilty plea to a reduced charge of manslaughter, which under La.R.S. 14:31 is punishable by hard labor for not more than forty years. The attempted second-degree murder charge was dismissed. For his conviction of manslaughter, Mr. Jones was sentenced to thirty-two years at hard labor. His motion to reconsider sentence was denied, and he filed this appeal.

Mr. Jones's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that the record does not contain any non-frivolous issues for appeal and requesting that this court grant her accompanying motion to withdraw. Mr. Jones was advised, via certified mail, that his appellate counsel had filed an *Anders* brief, and he was given a deadline for filing a pro se brief. He has not done so.

III.

## LAW AND DISCUSSION

### *Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent. However, the court minutes of sentencing and the commitment order require correction. The court minutes of sentencing and the commitment order both reflect that the court imposed a thirty-three-year sentence at hard labor. The transcript, however, indicates that Mr. Jones was sentenced to thirty-two years at hard labor. When the court minutes conflict with the transcript, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. In the motion to reconsider sentence and at the hearing on the motion, Mr. Jones's trial attorney referred to the sentence as a thirty-three-year sentence instead of a thirty-two-year sentence. In denying the motion, the court stated that it still believed "that 33 is appropriate."

Pursuant to *Wommack*, the thirty-two-year sentence referred to in the sentencing transcript prevails over the court minutes and the commitment order which reflect a thirty-three-year sentence. It appears that the trial court's reference to the thirty-three-year sentence at the hearing on the motion to reconsider sentence was inadvertent. Accordingly, the trial court is ordered to correct the court minutes of sentencing and the commitment order to reflect that the sentence imposed by the court was thirty-two years at hard labor.

3

### *Plea Agreement and Right to Appeal*

Mr. Jones was indicted for two felonies, second-degree murder and attempted second-degree murder. Ultimately, Mr. Jones pled down from the second-degree murder charge by entering a guilty plea to manslaughter, a responsive verdict to second-degree murder; and the charge of attempted second-degree murder was dismissed.

Mr. Jones's plea agreement lessened his exposure from life imprisonment at hard labor, with no benefits, for second degree murder, to a maximum sentence of forty years at hard labor for manslaughter. He also avoided the filing of a habitual offender bill and a separate sentence for attempted second-degree murder when that charge was dismissed in conjunction with the plea agreement. The trial court went into detail with Mr. Jones regarding his constitutional rights, the maximum sentence provided for by law, and the terms of the plea agreement with the State. Mr. Jones's colloquy with the court at the plea proceeding demonstrated that he freely and voluntarily entered the guilty plea and understood and agreed to the sentencing range for manslaughter. The plea form which reflected the plea agreement was signed by Mr. Jones's trial attorney, Mr. Jones himself, the assistant district attorney, and the district judge.

An unconditional plea of guilty waives all non-jurisdictional, pre-plea defects. *See State v. Washington*, 10-413 (La.App. 3 Cir. 11/3/10), 50 So.3d 274. Post-plea, Mr. Jones is barred from appealing the excessiveness of his sentence where it falls under a sentencing cap to which he agreed in the written plea agreement and verbally in open court, all of which was set forth in the record at the time of the plea. La.Code Crim.P. art. 881.2(A)(2); *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171. Accordingly, we find that Mr. Jones cannot appeal the

thirty-two-year sentence for manslaughter, as it is well under the forty-year maximum that he agreed to in the plea agreement.

*Anders Analysis*

We now consider appellate counsel's *Anders* brief asserting that the record contains no non-frivolous issues for appeal and requesting that this court grant her accompanying motion to withdraw. In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both Mr.

Jones and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In her *Anders* brief, appellate counsel thoroughly addresses the procedural history and the facts of the case. She also notes that Mr. Jones was represented by counsel, and he was present at most court hearings. Mr. Jones was not present at the hearing on his motion to reconsider sentence, but upon denial of reconsideration, a motion for appeal was filed the same day. Thus, Mr. Jones's ability to appeal was not jeopardized by his non-appearance.[1]

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. We have also studied the plea agreement. Mr. Jones was properly charged in an indictment. He was present and represented by counsel at all crucial stages of the proceedings. Additionally, Mr. Jones pled guilty in this case, and his guilty plea was freely and voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of the plea waived all pre-plea, non-jurisdictional defects. *See Washington*, 50 So.3d 274.

Furthermore, the sentence imposed for manslaughter was legal, and Mr. Jones is precluded from seeking review of the sentence as it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. *See* La.Code Crim.P. art. 881.2(A)(2); *Young*, 680 So.2d 1171. Accordingly, this

---

[1] The defendant was also not present for an earlier proceeding at which a new psychologist was appointed to the sanity commission. The record reveals that the following year, all psychologists on the sanity commission had reported that Mr. Jones was competent to stand trial. We note that this competence was demonstrated when Mr. Jones testified on his own behalf at his sentencing hearing.

court has found no issues which would support an assignment of error on appeal. Thus, appellate counsel is permitted to withdraw under *Anders* and *Benjamin*.

V.

## CONCLUSION

Based upon the foregoing, we affirm Mr. Jones's conviction and sentence and grant appellate counsel's motion to withdraw from the case. The trial court is ordered to correct the court minutes of sentencing and the commitment order to reflect that the sentence imposed by the court was thirty-two years at hard labor.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.